## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-11-220-M |
| | ) |
| MICHAEL D. CRAWFORD, individually and d/b/a PARADISE CITY NIGHT CLUB, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

On April 24, 2011, defendant Michael D. Crawford, individually and d/b/a Paradise City Night Club, was served. *See* Return of Service [docket no. 8]. The time for defendant to answer or otherwise plead or move expired on May 14, 2011. *See* Fed. R. Civ. P. 12(a)(1)(A). Defendant Michael D. Crawford, individually and d/b/a Paradise City Night Club, has filed no entry of appearance, answer, request for extension of time, or any other motion. On November 8, 2011, plaintiff filed a Motion Default Judgment as to Defendant Michael D. Crawford and brief in support [docket nos. 12 and 13].

Based upon the above, the Court finds defendant Michael D. Crawford, individually and d/b/a Paradise City Night Club, is in default. If a court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998). The Court, taking the factual allegations of plaintiff's Complaint as true, finds that plaintiff is entitled to judgment on its claims.

In assessing the appropriate amount of damages, the Court has carefully reviewed the uncontested allegations and the circumstances surrounding defendant's actions. The Court

concludes that an appropriate statutory award is $10,000.00. In determining the appropriate enhanced damages award, the Court finds that the uncontested evidence establishes that defendant's actions were willful. The Court further agrees with plaintiff that an enhanced damage award should also take into account the valid interest of the Court in deterring similar future actions by this defendant and others. In this connection, the Court notes that the capacity of the Paradise City Night Club is approximately 225 persons and during the time plaintiff's investigator was in the Paradise City Night Club, he estimated there were between 200 and 225 patrons present, the investigator paid a $5.00 cover charge to enter the establishment, and the program was being broadcast on ten (10) televisions. Based upon these considerations, the Court concludes that an additional $75,000 award is appropriate as an enhanced penalty. Finally, it appears that an award of costs and attorneys fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) is also appropriate.

Accordingly, the Court GRANTS plaintiff's Motion Default Judgment as to Defendant Michael D. Crawford [docket no. 12], ORDERS that default judgment be entered against defendant Michael D. Crawford, individually and d/b/a Paradise City Night Club, forthwith, and ASSESSES damages in the amount of $85,000.00, plus costs in the amount of $400.00 and attorney fees in the amount of $1,577.50. Interest shall accrue at the rate permitted by 28 U.S.C. § 1961. A separate judgment will issue.

**IT IS SO ORDERED this 1st day of December, 2011.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE